UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUDREY L. KIMNER,<br>    Plaintiff,<br>v.<br>CAPITAL TITLE OF TEXAS, LLC, et al.,<br>    Defendants. | Case No. 5:19-cv-07576-EJD<br><br>**ORDER REGARDING JUDGE COUSINS' GRANT OF LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

On November 18, 2019, pro se Plaintiff Audrey Kimner filed a Complaint against Defendants Capital Title of Texas, LLC, JEM Advisory Group, LLC, Tanglewood Condominium Owners, First Service Residential, Ceasons Holdings, LLC, various individuals associated with those entities, and her former lawyer, Margaret A. Poissant. Complaint ("Compl."), Dkt. 1 at ECF 3–6.

Magistrate Judge Cousins was first assigned the case. After granting Plaintiff's motion to proceed in forma pauperis, Judge Cousins found that Plaintiff's complaint failed to state a claim against the corporate Defendants and related individuals and that she failed to establish personal jurisdiction over Ms. Poissant. Judge Cousins granted Plaintiff leave to amend the complaint. *See* Order Granting Plaintiff's Motion to Proceed in Forma Pauperis; Screening Complaint Under 28 U.S.C. § 1915 ("Judge Cousins Order"), Dkt. 5.

Plaintiff filed an Amended Complaint on December 12, 2019. *See* Add and Amend to Original Complaint ("Amended Compl."), Dkt. 10. This amended complaint fails to resolve the legal shortcomings identified by Judge Cousins. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice in part and DISMISSED with leave to amend in part**.

Case No.: 5:19-cv-07576-EJD
ORDER REGARDING JUDGE COUSINS' GRANT OF LEAVE TO AMEND
1

## I. Allegations in the Complaint

The factual allegations remain the same: Plaintiff owned a midrise condominium in Houston, Texas. Amended Compl. at 8, 9. In 2017, Plaintiff lost her home and valuable furniture within it. *See id.* at 3, 8. Plaintiff alleges that Defendants Capital Title, JEM Advisory, and their agents fraudulently took her property. *Id.* at 3, 4. After her first attorney died, she hired Ms. Poissant to represent her in an unsuccessful lawsuit against Capital Title, JEM Advisory, and their agents. *See id.* at 5–6. Plaintiff sues these Defendants for fraud, violation of her civil rights, and unlawful foreclosure. *See* Dkt. 1-1. Plaintiff also sues Ms. Poissant for deficient or unethical representation during her state court lawsuits.

## II. Screening Under 28 U.S.C. § 1915

The Court must screen every civil action brought in forma pauperis under 28 U.S.C. § 1915(a) and must dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

### A. Claims Against Corporate Defendants and Related Individuals

In his November 2019 order, Judge Cousins noted that the *Rooker-Feldman* doctrine may prevent the Court from hearing Plaintiff's case. Judge Cousins' Order at 2–3. The doctrine prevents federal courts from hearing appeals of state-court judgments. *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal.").

As Judge Cousins' noted, Plaintiff's claims "largely revolve around the foreclosure of her condominium." Judge Cousins' Order at 2. That foreclosure, however, was the subject of a state court lawsuit. *See Kimner v. Capital Title of Tex., LLC*, 2018 WL 10015675, at *1 (Tex. Dist. Ct. Oct. 19, 2018) (granting Ceasons Holdings, LLC's motion for summary judgment); *Kimner v. Capital Title*, 2018 WL 10015673, at *1 (Tex. Dist. Ct. Oct. 19, 2018) (granting Capital Title of Texas' motion for summary judgment); *Kimner v. Title*, 2018 WL 10015674, at *1 (Tex. Dist. Ct.

Case No.: 5:19-cv-07576-EJD
ORDER REGARDING JUDGE COUSINS' GRANT OF LEAVE TO AMEND
2

United States District Court
Northern District of California

Dec. 7, 2018) (granting FirstService Residential Houston, Inc. and Tanglewood Condominium Owners Association, Inc.'s motion for summary judgment). As indicated by Plaintiff's civil cover sheet, she "removed [the action] from state court." *See* Dkt. 1-1. There are two problems with this: first, this litigation is a "de facto direct appeal" as Plaintiff wants this Court to review the decisions of the Texas trial court. This is improper under the *Rooker-Feldman* doctrine. Second, 28 U.S.C. § 1446 only allows defendant(s) to remove a civil action from state court to federal court. Hence, the removal statute does not authorize Plaintiff to remove her own action. Accordingly, Plaintiff's claims against Defendants Capital Title of Texas, LLC, JEM Advisory Group, LLC, Tanglewood Condominium Owners, First Service Residential, Ceasons Holdings, LLC, and the various individuals associated with those entities are **DISMISSED with prejudice.**[1]

### B. Claims Against Ms. Poissant

Plaintiff also sues her former lawyer, Ms. Poissant, for deficient and/or unethical representation. Judge Cousins instructed Plaintiff that she needed to show that the Court has personal jurisdiction over Ms. Poissant.

Plaintiff, however, has failed to plead a claim for attorney malpractice. *See Edwards v. Kaye*, 9 S.W.3d 310, 312 n.1 (Ct. App. Tex. 1999) ("To be successful on an attorney malpractice claim, one must establish that the claimant would have prevailed on the underlying claim but for the attorney's malpractice."). Because Plaintiff has not pled facts that plausibly show she would have prevailed on her underlying claim but for Ms. Poissant's malpractice, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court grants Plaintiff leave to amend her claim **only as to Ms. Poissant.** Plaintiff must file an amended complaint by **February 28, 2020.** If Plaintiff fails to file an amended complaint, this Court will dismiss the case with prejudice. *See* 28 U.S.C. § 1915(e)(2)(ii) (stating court must dismiss pro se action if determines that plaintiff fails to state a claim on which relief can be granted).

---

[1] In Plaintiff's amended complaint, she discusses judicial misconduct by Judge Kirkland (the judge who presided over her state court action). She expressly states that she is "not nam[ing] the judge" in this action. Amended Compl. at 11.

Case No.: 5:19-cv-07576-EJD
ORDER REGARDING JUDGE COUSINS' GRANT OF LEAVE TO AMEND
3

### III. Conclusion

The Court **GRANTS** Plaintiff leave to file an amended complaint as to Ms. Poissant by **February 28, 2020**. The amended complaint must cure the deficiencies noted in this Order or the Court will dismiss Plaintiff's claim(s) against Ms. Poissant. The claims against Defendants Capital Title of Texas, LLC, JEM Advisory Group, LLC, Tanglewood Condominium Owners, First Service Residential, Ceasons Holdings, LLC, and the various individuals associated with those entities are **DISMISSED with prejudice.**

Before filing an amended complaint, this Court strongly urges Plaintiff to seek assistance from the Pro Se Program (https://www.cand.uscourts.gov/helpcentersj). The Federal Pro Se Program provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The program is located in Room 2070 in the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m.–4:00 p.m. The Program can also be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: January 28, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-07576-EJD
ORDER REGARDING JUDGE COUSINS' GRANT OF LEAVE TO AMEND
4