UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUDREY L. KIMNER,<br>　　　　Plaintiff,<br>　v.<br>MARGARET A. POISSANT,<br>　　　　Defendant. | Case No. 5:19-cv-07576-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 14 |

On January 29, 2020, this Court determined that the *Rooker-Feldman* doctrine prevented Plaintiff Audrey Kimner from proceeding with her case and dismissed certain Defendants from the action. *See* Dkt. 13. The Court, however, granted Plaintiff leave to amend her complaint as to the one Defendant not affected by *Rooker-Feldman*. *Id.* On February 5, 2020, Plaintiff Audrey Kimner filed a Motion to Vacate, which asks the Court to vacate its decision to release certain Defendants. Dkt. 14. Thus, in essence, Plaintiff asks this Court to reconsider its earlier ruling. Accordingly, the Court interprets Plaintiff's motion as a motion for reconsideration. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (discussing the lower standard for pro se plaintiffs, namely that they are held to "less stringent standards" with respect to pleadings).

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7-9(b). Absent these three things, "a motion for

reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Plaintiff has not established that the standard for reconsideration is met. Plaintiff has not shown a change in law, clear error, or the emergence of new material facts. Rather, Plaintiff's motion to vacate focuses on the same factual allegations as Plaintiff's earlier motions. *Compare* Dkt. 14 at 2 (discussing how Defendants violated her rights), *with* Dkt. 10 at 2 (same). Accordingly, Plaintiffs request for reconsideration is **DENIED.**

Plaintiff may still file an amended complaint as to Ms. Poissant by **February 28, 2020**. The amended complaint must cure the deficiencies noted in this Order or the Court will dismiss Plaintiff's claim(s) against Ms. Poissant. Before filing an amended complaint, this Court strongly urges Plaintiff to seek assistance from the Pro Se Program (https://www.cand.uscourts.gov/helpcentersj). The Federal Pro Se Program provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The program is located in Room 2070 in the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m.–4:00 p.m. The Program can also be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: February 11, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-07576-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
2